UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANI MONDELLI,

    Plaintiff,

                                      CASE NO.:

vs.

LEMON-X CORPORATION, d/b/a
Bevolution Group,

    Defendant.         /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, LANI MONDELLI, ("Plaintiff"), was an employee of Defendant, LEMON-X CORPORATION, d/b/a Bevolution Group, ("LEMON-X" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

3.    At all times material hereto, Plaintiff was a resident of Polk County, Florida.

4.    Defendant, LEMON-X, conducts business in, among others, Polk County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant, LEMON-X, a Foreign Profit Corporation, is in the business of operating as a non-alcoholic cocktail mix manufacturer which is located at 500 South Lake Reedy Blvd, Frostproof, Florida 33843.

6. The Plaintiff in this action was employed by Defendant as an administrative assistant and customer service representative from on or around May 2008 through November 2015 at Defendant's Frostproof, Florida location.

## COVERAGE

7. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. At all material times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00 per annum.

10. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, materials, and/or office supplies).

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **GENERAL ALLEGATIONS**

12. Defendant, LEMON-X, is a company classified as a non-alcoholic cocktail mix manufacturer.

13. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

14. Plaintiff was an employee of Defendant within the meaning of the FLSA.

15. Plaintiff performed duties for Defendant as an administrative assistant and customer service representative.

16. Plaintiff worked in this capacity from May 2008 through November 2015.

17. Plaintiff earned a salary in exchange for work performed during the last three (3) years.

18. Defendant misclassified Plaintiff as exempt from overtime under the FLSA until on or about September 2015.

19. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

20. Defendant had knowledge of the overtime hours worked by Plaintiff.

21. Despite working more than forty (40) hours per week during one or more work weeks, Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

22. On or around September 2015, Defendant classified Plaintiff as a non-exempt employee entitled to overtime compensation under the FLSA.

23. Plaintiff continued to perform the same job duties for Defendant when re-classified as a non-exempt employee.

24. On or around September 2015 when re-classified as a non-exempt employee, Plaintiff continued to work in excess of forty (40) hours per week as part of her regular job duties.

25. Defendant had knowledge of the overtime hours worked by Plaintiff during the time Plaintiff was classified as a non-exempt employee as a result of, among other things, timesheets submitted to Defendant by Plaintiff.

26. However, despite such knowledge of the overtime worked by Plaintiff, Defendant refused to compensate Plaintiff time and one-half compensation for each of her overtime hours worked.

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

28. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

30. Defendant failed to maintain proper time records as mandated by law.

31. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

32. Plaintiff requested payment of her unpaid overtime compensation prior to retaining undersigned counsel, but Defendant failed to respond to such request.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

35. During the relevant time period (last three years) during her employment with Defendant, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

36. Defendant had knowledge of the overtime hours worked by Plaintiff.

37. Defendant was aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant;

>   a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 2/3/16 .    Respectfully submitted by,

_____
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff